## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHAQUILLE PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-CV-5703 |
| | ) | |
| vs. | ) | Hon. John F. Kness |
| | ) | |
| OFFICER GARCIA ET AL., | ) | Magistrate Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

### DEFENDANTS' PARTIAL ANSWER
### TO PLAINTIFF'S THIRD AMENDED COMPLAINT

NOW COME the Defendants, FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE, by and through their attorney, G. DAVID MATHUES of HERVAS, CONDON & BERSANI, P.C., and for their partial Answer[1] to Plaintiff's Third Amended Complaint, state as follows:

### JURISDICTION AND VENUE

1.    Plaintiff's Third Amended Complaint seeks remedies pursuant to 42 U.S.C. §1983 alleging violations of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, as well as the laws of the State of Illinois.

**ANSWER:    Defendants admit that this Third Amended Complaint is being filed pursuant to those provisions. Defendants deny violating any of those provisions and deny any remaining allegations in Paragraph 1.**

2.    Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C §§1331, 1343, and 1367.

**ANSWER:    Defendants admit the allegations in Paragraph 2.**

---

[1] Defendant Michienzi makes no answer to this complaint, as he is moving to dismiss. All Defendants make no answer to the *Monell* claim or IIED claims, as they are moving to dismiss those claims.

3.      Venue is proper before this Honorable Court pursuant to 28 U.S.C. §1391(b).

**ANSWER:**      **Defendants admit the allegations in Paragraph 3.**

## PARTIES

4.      The Plaintiff, Shaquille Prince is a resident of Will County, Illinois.

**ANSWER:**      **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.**

5.      Officer Francisco Garcia ("Officer Garcia") was employed by the Romeoville Police Department, Village of Romeoville ("Romeoville"), Will County, Illinois on January 25, 2018.

**ANSWER:**      **Defendants admit the allegations in Paragraph 5.**

6.      Officer Jason Jandura ("Officer Jandura") was employed by the Romeoville Police Department, Village of Romeoville ("Romeoville"), Will County, Illinois on January 25, 2018.

**ANSWER:**      **Defendants admit the allegations in Paragraph 6.**

7.      Officers Uknown 1-4 were employed by the Romeoville Police Department, Village of Romeoville ("Romeoville"), Will County, Illinois on January 25, 2018.

**ANSWER:**      **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7.**

## FACTS

### January 25, 2018 False Arrest and Physical Injury to Plaintiff

8.      On January 25, 2018, Plaintiff resided in Romeoville, Illinois.

**ANSWER:**      **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8.**

9.      Plaintiff's residence on January 25, 2018 was owned by his girlfriend.

**ANSWER:**      **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9.**

10.     Plaintiff had the express permission of his girlfriend to reside at her home in Romeoville, and he had permission to be present there on January 25, 2018.

**ANSWER:**     **Defendants deny the allegations in Paragraph 10.**

11.     Plaintiff returned to his residence at 1:02 a.m. after working out at a gym.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11.**

12.     At the time of his return to his residence, Plaintiff had keys to the residence that were previously provided to him by his girlfriend.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12.**

13.     Plaintiff used keys to enter a door at his residence.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13.**

14.     The Xfinity alarm system for Plaintiff's residence activated when Plaintiff used the keys to enter the door of his residence.

**ANSWER:**     **Defendants admit the alarm system activated. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 14.**

15.     Plaintiff's girlfriend was not present in the residence at the time of Plaintiff's arrival.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15.**

16.     Plaintiff texted his girlfriend to turn off the alarm.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16.**

17.     The alarm deactivated in a few minutes.

**ANSWER:** **Defendants admit the alarm system deactivated. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 17.**

18. Plaintiff then washed himself, clothed himself in underwear and a tank top, and went to bed.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 18.**

19. Without the permission of Plaintiff, Plaintiff's girlfriend, or anyone else, Officer Garcia, moved through Plaintiff's private backyard and entered Plaintiff's residence through the rear door.

**ANSWER:** **Defendants admit that Officer Garcia moved through the backyard of the residence where Prince was located. Defendants deny the remaining allegations in Paragraph 19.**

20. Officer Garcia's illegal entrance into Plaintiff's residence activated the Xfinity home alarm.

**ANSWER:** **Defendants deny the allegations in Paragraph 20.**

21. Plaintiff, still attired in underwear and a tank top, approached the rear door to Plaintiff's residence, where he found Officers Garcia and Jandura.

**ANSWER:** **Defendants admit that Prince approached a sliding glass door to the residence where Prince was located, and that Officer Garcia was on the other side of the door. Defendants deny the remaining allegations in Paragraph 21.**

22. Officer Garcia radioed for backup.

**ANSWER:** **Defendants deny that Officer Garcia radioed for backup at this time. Defendants admit that Officer Garcia later radioed for backup.**

23. Officer Garcia asked Plaintiff for identification, even though Plaintiff was attired in clothing with no means of holding or storing a wallet, identification, or any items.

**ANSWER:** **Defendants admit that after asking Prince if he lived at this location and hearing Prince say "no," Officer Garcia asked if Prince had identification. Defendants deny the remaining allegations in Paragraph 23.**

24.     Plaintiff was clearly and obviously unarmed. He obviously possessed no weapon.

**ANSWER:** **Defendants deny the allegations in Paragraph 24.**

25.     Plaintiff responded that he could go get his identification.

**ANSWER:** **Defendants deny the allegations in Paragraph 25.**

26.     In response to Plaintiff's offer to retrieve identification, Officer Garcia grabbed for his service pistol and stated, "Stay right there!"

**ANSWER:** **Defendants deny the allegations in Paragraph 26.**

27.     Plaintiff complied with armed Officer Garcia's order, and he remained still.

**ANSWER:** **Defendants deny the allegations in Paragraph 27.**

28.     Plaintiff provided Officers Garcia and Jandura his name and girlfriend's name multiple times. Plaintiff told Officers Garcia and Jandura multiple times that it was his residence and that Plaintiff's girlfriend owned the residence.

**ANSWER:** **Defendants admit that Prince said it was Jessica's residence. Defendants deny the remaining allegations in Paragraph 28.**

29.     Officer Jandura recorded the information from the Plaintiff into a notepad.

**ANSWER:** **Defendants deny the allegations in Paragraph 29.**

30.     Officers Garcia and Jandura told Plaintiff that they did not believe that Plaintiff lived at the residence.

**ANSWER:** **Defendants deny the allegations in Paragraph 30.**

31.     Plaintiff began to video record Officers Garcia and Jandura on Plaintiff's telephone.

**ANSWER:** **Defendants admit that at about this time, Prince pulled out a cell phone and stated that he was recording the officers. Defendants lack sufficient**

5

**knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 31.**

32.     Unknown Officers 1, 2, 3, and 4 entered Plaintiff's residence without the permission of Plaintiff, Plaintiff's girlfriend, or anyone.

**ANSWER:**     **Defendants admit that other officers later entered the residence where Prince was located. Defendants deny the remaining allegations in Paragraph 32.**

33.     Plaintiff again stated Plaintiff's name, the name of his girlfriend, and that Plaintiff resided at the subject residence, in the presence of Officers Garcia, Jandura, and Unknown Officers 1, 2, 3, and 4.

**ANSWER:**     **Defendants deny the allegations in Paragraph 33.**

34.     Sergeant Bejgrowicz entered Plaintiff's residence through the back door without the permission of Plaintiff, Plaintiff's girlfriend, or anyone else.

**ANSWER:**     **Defendants deny the allegations in Paragraph 34.**

35.     Plaintiff was lawfully on the premises where the Officers spoke to him.

**ANSWER:**     **Defendants deny the allegations in Paragraph 35.**

36.     Plaintiff remained still.

**ANSWER:**     **Defendants deny the allegations in Paragraph 36.**

37.     Without any provocation from the Plaintiff, Sergeant Bejgrowicz began choking Plaintiff while repeatedly yelling, "Stop resisting!"

**ANSWER:**     **Defendants deny the allegations in Paragraph 37.**

38.     Plaintiff was not resisting.

**ANSWER:**     **Defendants deny the allegations in Paragraph 38.**

39.     Officers Garcia, Jandura, and Unknown Officers 1, 2, 3, and 4 tackled Plaintiff and repeatedly yelled, "Stop resisting."

**ANSWER:**   **Defendants admit that after running into Officer Garcia, Prince was taken to the ground. Defendants deny the remaining allegations in Paragraph 39.**

40.   Plaintiff was still not resisting.

**ANSWER:**   **Defendants deny the allegations in Paragraph 40.**

41.   The Officers handcuffed and forcefully handled and held Plaintiff.

**ANSWER:**   **Defendants admit that Prince was cuffed and taken to a squad car. Defendants deny the remaining allegations in Paragraph 41.**

42.   Plaintiff dropped his telephone while being tackled.

**ANSWER:**   **Defendants deny the allegations in Paragraph 42.**

43.   Officer Garcia deleted the evidence of the video Plaintiff recorded on his telephone.

**ANSWER:**   **Defendants deny the allegations in Paragraph 43.**

44.   While Plaintiff was handcuffed and bound on the floor, Unknown Officer #1 put his boot on Plaintiff's face.

**ANSWER:**   **Defendants deny the allegations in Paragraph 44.**

45.   Officer Unknown #2 tightened Plaintiff's handcuffs very tight.

**ANSWER:**   **Defendants deny the allegations in Paragraph 45.**

46.   Plaintiff begged the Officers to untighten the cuffs.

**ANSWER:**   **Defendants deny the allegations in Paragraph 46.**

47.   The Officers refused to loosen the handcuffs, and Officers Garcia, Jandura, and Unknown 3 and 4, and Sergeant Bejgrowicz refused to intervene in Officers Unknown #1 and Unknown #2's forceful handling of the Plaintiff.

**ANSWER:**   **Defendants deny the allegations in Paragraph 47.**

48.   The Officers kept the Plaintiff bound and forcefully restrained while searching Plaintiff's home and photographing the premises.

7

**ANSWER:**    **Defendants admit that photos were taken of the residence where Prince was located. Defendants deny the remaining allegations in Paragraph 48.**

49.    The Officers spoke with each other and discussed what they could charge Plaintiff with.

**ANSWER:**    **Defendants admit that Officer Jandura and Sgt. Bejgrowicz discussed whether to call an assistant state's attorney regarding charges. Defendants deny the remaining allegations in Paragraph 49.**

50.    Officers Garcia and Unknown #2 forcefully lifted Plaintiff and dragged him to a police car.

**ANSWER:**    **Defendants deny the allegations in Paragraph 50, as Prince was already in a police car at this time.**

51.    Officers Garcia and Unknown #2 forcefully pushed Plaintiff into the rear seat of a police car.

**ANSWER:**    **Defendants admit that Prince was put in the back seat of a squad car. Defendants deny the remaining allegations in Paragraph 51.**

52.    Officer Unknown #2 stated he was going to photograph Plaintiff.

**ANSWER:**    **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52.**

53.    Officer Garcia entered the rear seat area of the police car and choked Plaintiff while Officer Unknown #2 held Plaintiff's seatbelt with one hand and his camera with the other.

**ANSWER:**    **Defendants deny the allegations in Paragraph 53.**

54.    The Officers continued to enter and exit the residence while Plaintiff remained restrained and handcuffed in the rear seat of the police car.

**ANSWER:**    **Defendants admit the allegations in Paragraph 54.**

55.    The emergency contact on the residence's Xfinity security arrived at the residence. The emergency contact identified herself to the Officers as the emergency contact. The

8

emergency contact confirmed that Plaintiff's girlfriend owned the residence and that Plaintiff resided at the residence.

**ANSWER:** **Defendants admit that one or more officers spoke with a person who identified herself as the contact for Xfinity's security service. Defendants deny the remaining allegations in Paragraph 55.**

56.     The Officers charged Plaintiff with felony resisting arrest and felony obstruction of justice.

**ANSWER:** **Defendants admit that Prince was charged with felonies by a prosecutor. Defendants deny the remaining allegations in Paragraph 56.**

57.     The Officers knew the charges of felony resisting arrest and felony obstruction of justice were not valid charges, and that they were false charges.

**ANSWER:** **Defendants deny the allegations in Paragraph 57.**

**Destruction and Spoliation of Evidence**

58.     On January 25, 2018, Officers Garcia, Jandura, and Unknown 1, 2, 3, and 4, and Sergeant Bejgrowicz made video recordings of the arrest and injuring of the Plaintiff, including mobile video recordings.

**ANSWER:** **Defendants deny the allegations in Paragraph 58.**

59.     On January 25, 2018, the Xfinity security system for the subject residence recorded a video.

**ANSWER:** **Defendants admit that there was a Xfinity security system for the residence where Prince was found. Defendants deny the remaining allegations in Paragraph 59.**

60.     Upon information and belief, Officers of the Romeoville Police Department obtained a copy of the Xfinity security video of the residence.

**ANSWER:** **Defendants admit that one or more officers asked Xfinity for any security video of the residence during the time of the incident. Defendants deny the remaining allegations in Paragraph 60.**

61. Officers photographed the Plaintiff and injuries to the Plaintiff, including Plaintiff's red, bruised wrists.

**ANSWER:** **Defendants admit that photographs were taken of Prince. Defendants deny the remaining allegations in Paragraph 61.**

62. Officer Garcia deleted the video that Plaintiff took on Plaintiff's telephone.

**ANSWER:** **Defendants deny the allegations in Paragraph 62.**

63. Officers Garcia, Jandura, and Unknown 1, 2, 3, and 4 and Sergeant Bejgrowicz failed to provide requested video recordings in the discovery of the criminal case against Plaintiff.

**ANSWER:** **Defendants deny the allegations in Paragraph 63.**

64. Upon information and belief, Officers Garcia, Jandura, or Unknown 1, 2, 3, or 4 or Sergeant Bejgrowicz deleted or edited video recordings that depicted the Officers' arrest and injuring of the Plaintiff.

**ANSWER:** **Defendants deny the allegations in Paragraph 64.**

**Criminal Case and Incarceration**

65. Based on the claims and information from the Romeoville Police Department, 2018 CF 000194 was filed against Plaintiff in the Circuit Court of Will Count on January 26, 2018.

**ANSWER:** **Defendants admit the allegations in Paragraph 65.**

66. The charges against Plaintiff were Obstruction of Justice and Destroying Evidence, pursuant to 720 5/31-4(a)(1).

**ANSWER:** **Defendants admit that Prince was charged with Obstructing Justice pursuant to 720 ILCS 5/31–4(a)(1). Defendants deny the remaining allegations in Paragraph 66.**

67. Plaintiff pled not guilty to the charges.

**ANSWER:** **Defendants admit the allegations in Paragraph 67.**

68.     Plaintiff was convicted of the charge of Obstruction of Justice.

**ANSWER:** **Defendants admit the allegations in Paragraph 68.**

69.     Plaintiff was incarcerated pursuant to the charges of Obstruction of Justice.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69.**

70.     On July 23, 2019, Plaintiff was sentenced to 360 days of jail with credit for time served.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70.**

### Appeal

71.     Plaintiff appealed the criminal conviction from 2018 CF 000194.

**ANSWER:** **Defendants admit the allegations in Paragraph 71.**

72.     The Third District Appellate Court reversed and remanded Plaintiff's case for re-trial.

**ANSWER:** **Defendants admit the allegations in Paragraph 72.**

73.     The opinion of the First District Appellate Court was filed September 24, 2021.

**ANSWER:** **Defendants admit the allegations in Paragraph 73.**

74.     The case against Plaintiff was never re-tried on remand.

**ANSWER:** **Defendants admit that Prince was not retried. Defendants deny the remaining allegations in Paragraph 74.**

75.     On May 18, 2023, the Illinois Supreme Court overruled the Appellate Court, in part, affirming the Appellate Court's reversal of Plaintiff's conviction, and reversing the Appellate Court's ruling allowing a retrial.

**ANSWER:** **Defendants admit the allegations in Paragraph 75.**

11

76.     The criminal case of 2018 CF 000194 did not terminate in Plaintiff's favor until May 18, 2023.

**ANSWER:**     **Defendants deny the allegations in Paragraph 76.**

**Subsequent Procedural History and §1983 Complaint**

77.     On October 18, 2022, Plaintiff filed a pro se civil rights Complaint, pursuant to 42 U.S.C. §1983. Dkt. 1.

**ANSWER:**     **Defendants admit the allegations in Paragraph 77.**

78.     After several subsequent orders, Plaintiff filed his 19-count Corrected Amended Complaint, acting through appointed counsel on June 13, 2024. Dkt. 42.

**ANSWER:**     **Defendants admit the allegations in Paragraph 78.**

79.     Plaintiff's claim encompassed 19 separate causes of action, including:

    a.     Counts I-VII: §1983 Excessive Force claims against Officer Garcia (I), Officer Jandura (II), Sergeant Bejgrowicz (III), and four Uknown Officers (IV-VII).

    b.     Count VIII: §1983 False Arrest against three named officers and four unknown officers.

    c.     Count IX: §1983 Malicious Prosecution against three named officers and four unknown officers.

    d.     Count X: §1983 False Imprisonment against three named officers and four unknown officers.

    e.     Count XI: §1983 Violation of 1st Amendment Rights against Officer Garcia.

    f.     Count XII: §1983 4th Amendment Unlawful Search and Seizure against three named officers and four unknown officers.

    g.     Count XIII: *Monell* liability against Village of Romeoville.

h. Count XIV: Spoliation against four named officers and four unknown officers.

i. Count XV-XVI: Intentional Infliction of Emotional Distress against Officer Garcia and against Sergeant Bejgrowicz.

j. Count XVII: §1983 14th Amendment Due Process Violations (fair trial) two named officers and four unknown officers.

k. Count XVIII: Civil Battery against Officer Garcia and against Sergeant Bejgrowicz.

l. Count XIX: §1983 1st Amendment Retaliation against two named officers and four unknown officers.

**ANSWER:** **Defendants admit the allegations in Paragraph 79.**

80. On September 30, 2024, this court issued its Memorandum Opinion and Order (Dkt. 50) and accompanying Notification of Docket Entry (Dkt. 49), ruling on Defendants′ Motion to Dismiss (Dkt. 27).

**ANSWER:** **Defendants admit the allegations in Paragraph 80.**

81. In its Memorandum Opinion and Order, this court concluded that ″Defendants' partial motion to dismiss (Dkt. 27) is granted in part and denied in part. Plaintiff states a timely Fourth Amendment malicious prosecution claim. Plaintiff's unlawful detention claim, state law IIED claims, and Monell liability claim are dismissed without prejudice. All other claims are dismissed with prejudice.″ Dkt. 50 at 24.

**ANSWER:** **Defendants admit the allegations in Paragraph 81.**

82. As noted in greater detail in its Memorandum Opinion and Order, Counts I-VIII, XI-XII, XIV, XVIII-XIX were dismissed with prejudice, while Counts X, XIII, XV-XVI were

dismissed without prejudice. Count IX was not dismissed. Defendants did not move to dismiss Count XVII. Dkt. 50.

**ANSWER:** **Defendants admit the allegations in Paragraph 82.**

83. Pursuant to the Court's order on September 30, 2024, Plaintiff was given leave to refile his Amended Complaint to amend those pleadings that were dismissed without prejudice on or before October 21, 2024. Plaintiff does so, as stated below, utilizing the previously numbered counts as guidance. Dkt. 49.

**ANSWER:** **Defendants admit the allegations in Paragraph 83.**

84. 84. After refiling his Second Amended Complaint, Defendants moved to dismiss all claims against Sergeant Michienzi, as well as claims noted in Count XIII (Monell liability) and Count XV-XVI (Intentional Infliction of Emotional Distress).

**ANSWER:** **Defendants admit the allegations in Paragraph 84.**

85. On September 3, 3025, this Court issued an order dismissing all claims against Sergeant Michienzi and Count XIII (Monell liability) with prejudice, but denying Defendant's Motion to Dismiss as to Counts XV-XVI (IIED). This Court also requested that Plaintiff file a Third Amended Complaint omitting all claims against Sergeant Michienzi. Plaintiff does so here. Dkt. 72.

**ANSWER:** **Defendants admit the allegations in Paragraph 85.**

**COUNT I:**
**Officer Garcia 42 § 1983**
**Use of Excessive Force in Violation of the 4th Amendment of the Constitution**

86. Count I was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** **Defendants admit the allegations in Paragraph 86.**

### COUNT II:
### Officer Jason Jandura 42 § 1983
### Use of Excessive Force in Violation of the 4th Amendment of the Constitution

87. Count II was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** Defendants admit the allegations in Paragraph 87.

### COUNT III:
### Sergeant Matthew Bejgrowicz 42 § 1983
### Use of Excessive Force in Violation of the 4th Amendment of the Constitution

88. Count III was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** Defendants admit the allegations in Paragraph 88.

### COUNT IV:
### Officer Unknown #1 42 § 1983
### Use of Excessive Force in Violation of the 4th Amendment of the Constitution

89. Count IV was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** Defendants admit the allegations in Paragraph 89.

### COUNT V:
### Officer Unknown #2 42 § 1983
### Use of Excessive Force in Violation of the 4th Amendment of the Constitution

90. Count V was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** Defendants admit the allegations in Paragraph 90.

### COUNT VI:
### Officer Unknown #3 42 § 1983
### Use of Excessive Force in Violation of the 4th Amendment of the Constitution

91. Count VI was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** Defendants admit the allegations in Paragraph 91.

### COUNT VII:
### Officer Unknown #4 42 § 1983
### Use of Excessive Force in Violation of the 4th Amendment of the Constitution

92. Count VII was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:**     **Defendants admit the allegations in Paragraph 92.**

**COUNT VIII:**
**42 § 1983 False Arrest in Violation of the**
**Fourth Amendment of the Constitution against Officer Francisco Garcia, Officer**
**Jason Jandura, Sgt. Matthew Berowicz, Sgt. Michael Michienzi, and Officers Unknown 1-4**

93.     Count VIII was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:**     **Defendants admit the allegations in Paragraph 93.**

**COUNT IX:**
**Malicious Prosecution against Officer Francisco Garcia, Officer Jason**
**Jandura, Sgt. Matthew Bejgrowicz, Sgt. Michael Michienzi, and Officers Unknown 1-4**

94.     Plaintiff incorporates through reference Paragraphs 1-94 as though fully set forth herein.

**ANSWER:**     **Defendants incorporate through reference their responses to Paragraphs 1-93**
**as though fully set forth herein.**

95.     Defendants, Officer Garcia, Officer Jandura, Sergeant Bejgrowicz, and Officers Unknown 1-4, individually and/or jointly and in conspiracy, initiated and/or continued a malicious prosecution against Plaintiff, all without probable cause. Defendants were each instrumental in the initiation and perpetuation of the prosecution of Plaintiff.  Defendants, Officer Garcia, Officer Jandura, Sergeant Bejgrowicz, and Officers Unknown 1-4, each acted with malice.

**ANSWER:**     **Defendants deny the allegations in Paragraph 95.**

96.     Defendants, while acting under the color of law, violated Plaintiff's constitutional rights by initiating or continuing a malicious prosecution against him, which resulted in injuries to the Plaintiff.

**ANSWER:**     **Defendants deny the allegations in Paragraph 96.**

97.     Defendants facilitated the decision to initiate a criminal proceeding against the Plaintiff.

**ANSWER:     Defendants deny the allegations in Paragraph 97.**

98.     Defendants were each instrumental in the prosecution of Plaintiff in the criminal case of 2018 CF 000194.

**ANSWER:     Defendants deny the allegations in Paragraph 98.**

99.     The prosecution was terminated in Plaintiff's favor, on May 18, 2023 when the Illinois Supreme Court issued its ruling in *The People of the State of Illinois v. Shaquille P. Prince,* 2023 IL 127828, wherein that Court prohibited a retrial, reversed Plaintiff's conviction, and vacated his sentence.

**ANSWER:     Defendants admit the prosecution was terminated in Prince's favor.**
**Defendants deny the remaining allegations in Paragraph 99.**

100.     The prosecution was terminated in Plaintiff's favor after Plaintiff had already been incarcerated for months, pursuant to the sentencing in case number 2018 CF 000194.

**ANSWER:     Defendants admit the prosecution was terminated in Prince's favor.**
**Defendants deny the remaining allegations in Paragraph 100.**

101.     The Defendants' prosecution of 2018 CF 000194 against Plaintiff lacked probable cause.

**ANSWER:     Defendants deny the allegations in Paragraph 101.**

102.     Defendants, Officer Garcia, Officer Jandura, Sergeant Bejgrowicz, and Officers Unknown 1-4, are liable for this malicious prosecution because it was proximately caused by their unlawful actions, as set forth above.

**ANSWER:     Defendants deny the allegations in Paragraph 102.**

17

103.    These actions directly and proximately caused the injuries and damages to plaintiff as claimed above, and constitute malicious prosecution.

**ANSWER:    Defendants deny the allegations in Paragraph 103.**

104.    Plaintiff suffered a deprivation of liberty as a result of the Defendants' malicious prosecution.

**ANSWER:    Defendants deny the allegations in Paragraph 104.**

105.    Because Defendants' actions were "motivated by evil motive or intent" and/or "involve[d] a reckless or callous indifference to the federally protected rights of [the Plaintiff]," an award of punitive damages is appropriate to the fullest extent permitted by law.

**ANSWER:    Defendants deny the allegations in Paragraph 105.**

WHEREFORE, Defendants FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE, deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

**COUNT X: 42 § 1983**
**Unlawful Posttrial False Imprisonment in Violation of the Fourteenth**
**Amendment of the U.S. Constitution against Officer Francisco Garcia, Officer Jason**
**Jandura, Sgt. Matthew Bejgrowicz, Sgt. Michael Michienzi, and Officers Unknown 1-4**

106.    Plaintiff incorporates through reference Paragraphs 1-107 as though fully set forth herein.

**ANSWER:    Defendants incorporate through reference their responses to Paragraphs 1-**
**105 as though fully set forth herein.**

107.    Defendants, Officer Garcia, Officer Jandura, Sergeant Bejgrowicz, and Officers Unknown 1-4, individually and/or jointly and in conspiracy, caused the Plaintiff to be imprisoned after trial, due to a wrongful conviction of obstruction of justice.

18

**ANSWER:** **Defendants deny the allegations in Paragraph 107.**

108. Defendants, while acting under the color of law, violated Plaintiff's constitutional rights by unreasonably seizing Plaintiff and causing him to be falsely imprisoned, which resulted in injuries to the Plaintiff.

**ANSWER:** **Defendants deny the allegations in Paragraph 108.**

109. The Defendants' actions during their interaction with the Plaintiff illustrate the Defendants' intent to imprison the Plaintiff.

**ANSWER:** **Defendants deny the allegations in Paragraph 109.**

110. Plaintiff was aware of his posttrial confinement.

**ANSWER:** **Defendants deny the allegations in Paragraph 110.**

111. Plaintiff did not consent to his posttrial imprisonment.

**ANSWER:** **Defendants deny the allegations in Paragraph 111.**

112. The Defendants' imprisonment of Plaintiff was not exempted by any privilege.

**ANSWER:** **Defendants deny the allegations in Paragraph 112.**

113. The Defendants lacked reasonably trustworthy information to believe that the Plaintiff had committed or was committing a crime.

**ANSWER:** **Defendants deny the allegations in Paragraph 113.**

114. Defendants, Officer Garcia, Officer Jandura, Sergeant Bejgrowicz, and Officers Unknown 1-4, are liable for this false imprisonment because it was proximately caused by their unlawful actions, as set forth above.

**ANSWER:** **Defendants deny the allegations in Paragraph 114.**

115. Plaintiff suffered a deprivation of liberty as a result of the Defendants' actions.

**ANSWER:** **Defendants deny the allegations in Paragraph 115.**

116.    The actions of the Defendants directly and proximately caused damages to Plaintiff, as claimed above.

**ANSWER:**    **Defendants deny the allegations in Paragraph 116.**

117.    Plaintiff's cause of action for did not timely accrue until his criminal proceedings terminated in his favor, until May 18, 2023.

**ANSWER:**    **Defendants deny the allegations in Paragraph 117.**

118.    As such, Plaintiff's filing is timely, and well within Illinois's two-year Statute of Limitations for false posttrial imprisonment under the 7th District's 14th jurisprudence [*sic*].

**ANSWER:**    **Defendants deny the allegations in Paragraph 118.**

119.    Because Defendants' actions were "motivated by evil motive or intent" and/or "involve[d] a reckless or callous indifference to the federally protected rights of [the Plaintiff]," an award of punitive damages is appropriate to the fullest extent permitted by law.

**ANSWER:**    **Defendants deny the allegations in Paragraph 119.**

WHEREFORE, Defendants FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE, deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

### COUNT XI:
### 42 §1983 Violation of Plaintiff's First Amendment Rights by Officer Garcia

120.    Count XI was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:**    **Defendants admit the allegations in Paragraph 120.**

### COUNT XII:
### 42 §1983 Violation of Plaintiff's Fourth Amendment
### Rights against Officer Jason Jandura, Sgt. Matthew Bejgrowicz, Officers

**Unknown 1-4 for Unlawful Search at Defendant's [*sic*] Residence and by Officer Francisco Garcia's for Unlawful Seizure and Disclosure of Contents of Plaintiff's Telephone**

121. Count XII was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** **Defendants admit the allegations in Paragraph 121.**

### COUNT XIII:
*Monell* **Liability against the Village of Romeoville**
**Widespread Practice, Failure to Train, and Failure to Supervise**

**Not answered because Defendants have moved to dismiss Count XIII**

### COUNT XIV:
**Spoliation of Evidence**

123. Count XIV was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** **Defendants admit the allegations in Paragraph 123.**

### COUNT XV:
**Officer Garcia Intentional Infliction of Emotional Distress ("IIED")**

124. Plaintiff incorporates through reference Paragraphs 1-123 as though fully set forth herein.

**ANSWER:** **Defendants incorporate through reference their responses to Paragraphs 1–123 as though fully set forth herein.**

125. Officer Garcia's conduct with the Plaintiff was extreme and outrageous. He went out of his way to cause emotional distress to the Plaintiff instead of keeping his work limited to enforcement of the laws of Illinois.

**ANSWER:** **Defendants deny the allegations in Paragraph 125.**

126. Officer Garcia's actions occurred in the context of Plaintiff being suddenly and without warning interrupted in Plaintiff's own residence in the middle of the night, while Plaintiff was attired in only sleep wear.

**ANSWER:** **Defendants deny the allegations in Paragraph 126.**

127. Officer Garcia's actions included taking Plaintiff's telephone and deleting Plaintiff's recording, refusing to loosen the handcuffs on Plaintiff, refusing to allow Plaintiff to obtain identification so that Plaintiff could prove his identity, tackling Plaintiff, placing Plaintiff in a choke hold in the rear of a squad car, and disclosing personal contents of Plaintiff's telephone to Plaintiff's girlfriend.

**ANSWER:** **Defendants deny the allegations in Paragraph 127.**

128. Officer Garcia's extreme and outrageous conduct also included his essential participation, perpetuation, and facilitation of the malicious prosecution (and subsequent wrongful conviction) of Plaintiff.

**ANSWER:** **Defendants deny the allegations in Paragraph 128.**

129. By taking the aforementioned actions, Officer Garcia either intended that his conduct should inflict emotional distress or he knew that there was a high probability that his conduct would cause severe emotional distress.

**ANSWER:** **Defendants deny the allegations in Paragraph 129.**

130. Officer Garcia's extreme and outrageous actions caused Plaintiff severe emotional distress, especially as Defendant's actions procured Plaintiff's now overturned wrongful conviction for obstruction of justice.

**ANSWER:** **Defendants deny the allegations in Paragraph 130.**

131. As such, the statute of limitations for Plaintiff's IIED claim against Officer Garcia's did not begin to run until the wrongful conviction was overturned on March 18, 2023.

**ANSWER:** **Defendants deny the allegations in Paragraph 131.**

132.     As a direct and proximate result of Officer Garcia's unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, severe emotional distress, mental anguish, embarrassment, humiliation, and suffering.

**ANSWER:     Defendants deny the allegations in Paragraph 132.**

WHEREFORE, Defendants FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE, deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

**COUNT XVI:**
**Sergeant Bejgrowicz Intentional Infliction of Emotional Distress**

133.     Plaintiff incorporates through reference Paragraphs 1-132 as though fully set forth herein.

**ANSWER:     Defendants incorporate through reference their responses to Paragraphs 1–132 as though fully set forth herein.**

134.     Sergeant Bejgrowicz's conduct with the Plaintiff was extreme and outrageous. He went beyond the alleged enforcement of the law to cause emotional distress to the Plaintiff.

**ANSWER:     Defendants deny the allegations in Paragraph 134.**

135.     Sergeant Bejgrowicz's actions occurred in the context of Plaintiff being suddenly and without warning interrupted in Plaintiff's own residence in the middle of the night, while Plaintiff was attired in only sleep wear.

**ANSWER:     Defendants deny the allegations in Paragraph 135.**

136. Sergeant Bejgrowicz′s actions included placing Plaintiff in a choke hold, refusing to loosen the handcuffs on Plaintiff, refusing to allow Plaintiff to obtain identification so that Plaintiff could prove his identity, and tackling Plaintiff.

**ANSWER:** **Defendants deny the allegations in Paragraph 136.**

137. Sergeant Bejgrowicz′s extreme and outrageous conduct also included his essential participation, perpetuation, and facilitation of the malicious prosecution (and subsequent wrongful conviction) of Plaintiff.

**ANSWER:** **Defendants deny the allegations in Paragraph 137.**

138. By taking the aforementioned actions, Sergeant Bejgrowicz either intended that his conduct should inflict emotional distress or he knew that there was a high probability that his conduct would cause severe emotional distress.

**ANSWER:** **Defendants deny the allegations in Paragraph 138.**

139. Sergeant Bejgrowicz's extreme and outrageous actions caused Plaintiff severe emotional distress, especially as Defendant′s actions procured Plaintiff's now overturned wrongful conviction for obstruction of justice.

**ANSWER:** **Defendants deny the allegations in Paragraph 139.**

140. As such, the statute of limitations for Plaintiff's IIED claim against Sergeant Bejgrowicz did not begin to run until the wrongful conviction was overturned on March 18, 2023.

**ANSWER:** **Defendants deny the allegations in Paragraph 140.**

141. As a direct and proximate result of Sergeant Bejgrowicz's unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, severe emotional distress, mental anguish, embarrassment, humiliation, and suffering.

**ANSWER:**    **Defendants deny the allegations in Paragraph 141.**

WHEREFORE, Defendants FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE, deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

**COUNT XVII: 42 §1983**
**Violation of Plaintiff's Fourteenth Amendment Rights against Officer Jason Jandura, Sgt. Matthew Bejgrowicz, Officers Unknown 1-4 for Violation of Due Process**

142.    Plaintiff incorporates through reference Paragraphs 1-141 as though fully set forth herein.

**ANSWER:**    **Defendants incorporate through reference their responses to Paragraphs 1-141 as though fully set forth herein.**

173.    Defendants, Officer Garcia, Officer Jandura, Sergeant Bejgrowicz and Officers Unknown 1-4, while acting individually, jointly, and/or in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

**ANSWER:**    **Defendants deny the allegations in Paragraph 143.**

144.    In the manner described more fully above, the Officer and Sergeant Defendants, individually, jointly, and/or in concert and in conspiracy, deliberately withheld exculpatory evidence. In doing so, the Officer and Sergeant Defendants violated their clearly established duty to report all material exculpatory and impeachment information to prosecutors.

**ANSWER:**    **Defendants deny the allegations in Paragraph 144.**

145.    Absent Defendants' misconduct, the prosecution of Plaintiff could not and would not have been pursued, and Plaintiff would not have been convicted.

**ANSWER:** **Defendants deny the allegations in Paragraph 145.**

146. The Officer Defendants' misconduct directly and proximately resulted in the unjust and wrongful criminal conviction of Plaintiff and his continuing wrongful imprisonment, thereby denying him his constitutional right to a fair trial, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** **Defendants deny the allegations in Paragraph 146.**

147. Because Defendants' actions were "motivated by evil motive or intent" and/or "involve[d] a reckless or callous indifference to the federally protected rights of [the Plaintiff]," an award of punitive damages is appropriate to the fullest extent permitted by law.

**ANSWER:** **Defendants deny the allegations in Paragraph 147.**

WHEREFORE, Defendants FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE, deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

### COUNT XVIII:
### Officer Garcia and Sergeant Bejgrowicz: Civil Battery

148. Count XVIII was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** **Defendants admit the allegations in Paragraph 148.**

### *COUNT XIX: 42 §1983*
### *First Amendment Retaliation against*
### Officer Jason Jandura, Sgt. Matthew Bejgrowicz, Officers Unknown 1-4

149. Count XIX was dismissed with prejudice on September 30, 2024. See Dkt. 50.

**ANSWER:** **Defendants admit the allegations in Paragraph 149.**

WHEREFORE, Defendants FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE, deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ G. David Mathues**
G. DAVID MATHUES, Attorney No. 06293314
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Rd., Ste. 195
Itasca, IL 60143-3156
Ph.: 630-773-4774
dmathues@hcbattorneys.com

## FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY

NOW COME Defendants FRANCISCO GARCIA, JASON JANDURA, and MATT BEJGROWICZ, by and through their attorney, G. DAVID MATHUES of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Third Amended Complaint, state as follows:

The Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants FRANCISCO GARCIA, JASON JANDURA, and MATT BEJGROWICZ, deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

/s/ **G. David Mathues**

G. DAVID MATHUES, Attorney No. 6293314
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Rd., Ste. 195
Itasca, IL  60143-3156
Ph.:  630-773-4774
dmathues@hcbattorneys.com

28

## <u>SECOND AFFIRMATIVE DEFENSE: STATUTE OF LIMITATIONS</u>

NOW COME Defendants FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE, by and through their attorney, G. DAVID MATHUES of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Third Amended Complaint, state as follows:

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

WHEREFORE, Defendants FRANCISCO GARCIA, JASON JANDURA, MATT BEJGROWICZ, and THE VILLAGE OF ROMEOVILLE deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

/s/ **G. David Mathues**

G. DAVID MATHUES, Attorney No. 6293314
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Rd., Ste. 195
Itasca, IL 60143-3156
Ph.: 630-773-4774
dmathues@hcbattorneys.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAQUILLE PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-CV-5703 |
| | ) | |
| vs. | ) | Hon. John F. Kness |
| | ) | |
| OFFICER GARCIA ET AL., | ) | Magistrate Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on **October 31, 2025**, I electronically filed the foregoing ***Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint*** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and I hereby certify that I have mailed with the United States Postal Service the aforementioned document to the following individual:

**TO:** Shaquille Prince
50 Center Avenue
Wheeling, IL 60090
Morevacationtime@protonmail.com

/s/ **G. David Mathues**
G. DAVID MATHUES, # 6293314
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Rd., Ste. 195
Itasca, IL 60143-3156
Ph.: 630-773-4774
dmathues@hcbattorneys.com